Burke, J.
The issue in this case is whether the premises in question are subject to rent control pursuant to the provisions of the Emergency Housing Bent Control Law and the State Bent and Eviction Begulations.
Petitioner owns the subject premises, designated the “ Bay-view Hotel ”, located at 722 Park Place, Long Beach, New York, which have been operated under numerous owners and names since approximately 1921. Prior to March 1, 1950, the establishment was commonly regarded as a hotel and had the usual facilities for such use. However, when purchased by petitioner, no. business of any kind was being conducted on the premises; but after making various alterations, including the addition of housing units and the removing of bar and dining *426 room facilities, it commenced operating as a rooming house in December, 1953. Although petitioner claims that the premises are operated as a “ European plan hotel ”, it is clear that the premises still operate as a rooming house, without those services normally provided by a hotel, and do not qualify as a hotel within the meaning of section 2 (subd. 2, par. [b]) of the Emergency Housing Rent Control Law.
As a result of some 30 tenants’ filing complaints in the Summer of 1957 that they were being charged exorbitant rents in a rooming house which called itself a hotel, the Local Rent Administrator, by order dated October 28,1957, fixed maximum rents as of September 18,1953 for all of the housing accommodations in the subject premises. He further directed the landlord to refund to the tenants all rent collected by the landlord in excess of the maximum rent established by the order for a period not exceeding two years prior to October 28, 1957. Upon protest to the State Rent Administrator and pursuant to his remand, the Local Rent Administrator, by order dated April 9, 1958, modified in part and revoked in part his prior order of October 28 by finding that 19 of the housing accommodations were not subject to rent control and by increasing the maximum rents of the remaining accommodations as of April 9,1958. After three successive article 78 proceedings to review the determinations of the State Rent Administrator in affirming the April 9, 1958 order of the Local Rent Administrator, the Appellate Division held that the “ Bay view Hotel ” was subject to rent control as of June 30, 1959 and modified the order of April 9, 1958 to the extent that “ the maximum rents as previously established shall be effective as of June 30, 1959 ” (13 A D 2d 788).
Upon its assumption of rent control on May 1, 1950, the State intended “ to subject to control only those housing accommodations, as that term is defined herein, which were subject to rent control and for which a maximum rent was in effect on March first, nineteen hundred fifty and in the discretion of the commission those housing accommodations for which a maximum rent was thereafter established” (§ 14, as amd. by L. 1950, ch. 250). “ Housing accommodations ” were defined as; “Any building or structure, permanent or temporary, or. any part thereof, occupied or intended to be occupied by one or more indi *427 victuals as a residence, home, sleeping place, boarding house, lodging house or hotel, together with the land and buildings appurtenant thereto, and all services, privileges, furnishings, furniture and facilities supplied in connection with the operation thereof ” (§ 2, subd. 2, as amd. by L. 1950, ch. 250). However, there were four categories of ‘ ‘ housing accommodations ’ ’ which were not covered by the State law: (1) housing accommodations completed on or after February 1, 1947; (2) housing accommodations created by a change from a nonhousing to a housing use on or after February 1,1947; (3) additional housing accommodations created by conversion on or after February 1, 1947, but prior to May 1, 1950; (4) housing accommodations, other than the above, which were exempt because of a particular status. The first three categories were absolutely free from rent control, regardless of their status or use (Matter of Hutchins v. McGoldrick, 307 N. Y. 78; Billings v. Freewalt Realty Corp., 6 A D 2d 1039).
We are here concerned with housing accommodations in the fourth category which are allegedly exempt because of their status. Since the subject premises were operated as a hotel in a city with a population less than 2,500,000, they did not constitute ‘ ‘ controlled housing accommodations ’ ’ within the meaning of the Federal Housing and Rent Acts (U. S. Code, tit. 50, Appendix, § 1892, subd. [c], par. [1]), and there was no maximum rent in effect for these accommodations on March 1, 1950. Petitioner contends that these premises were never intended to be subject to State rent control as indicated by section 14 of the Emergency Housing Rent Control Law {supra). If petitioner’s housing accommodations were presently in an establishment commonly regarded- as a hotel and which furnished the customary hotel services in Long Beach, he would be correct; for it is clear that the State did not desire to control such hotel housing accommodations, and specifically excluded them from the Rent Control Law (§ 2, subd. 2, par. [b], as amd. by L. 1950, ch. 250, and L. 1951, ch. 443). However, this exemption prevailed only so long as the housing accommodations retained that status entitling them to be exempt. When housing accommodations exempt solely because of their hotel status can no longer qualify for that status, there is nothing in the Rent Control Law which permits a continued exemption. (See Matter of Lord *428 Management Corp. v. Weaver, 11 N Y 2d 180; Matter of Oteri v. Temporary State Housing Rent Comm., 9 A D 2d 529, affd. 8 N Y 2d 810.)
The housing accommodations here lost their exemption as a hotel and were subject to State rent control when petitioner commenced operations as a rooming house in 1953. The 1959 amendment (L. 1959, ch. 695) to section 2 (subd. 2, par. [b]) of the Emergency Housing Bent Control Law was not necessary to subject these housing accommodations to rent control. This came about by operation of law upon the termination of the former exempt status. Since the premises were subject to the provisions of the Emergency Housing Bent Control Law as of 1953, the maximum rents could have been effective as of that time, and not merely from June 30, 1959, the effective date of the amendment. That the Bent Administrator made April 9, 1958 the effective date of the maximum rents is of no moment, for it was merely an exercise of discretion allowed by the rent control law. (State Bent and Eviction Begulations, § 36, subd. [ib].) The Appellate Division’s modification of his order, on the ground that petitioner did not become subject to rent control until June 30, 1959, was, therefore, based on an erroneous conclusion.
The order appealed from should be modified by reinstating the original order of the Local Bent Administrator, dated April 9,1958, and by denying the application in all respects.
Chief Judge Desmond and Judges Dye, Fuld, Van Vookhis, Foster and Scileppi concur.
Order of Appellate Division modified and determination of the Local Bent Administrator, dated April 9, 1958, reinstated without costs.